*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-025

JUNE TERM, 2015

| | | |
|---|---|---|
| Jill Rinehart, M.D. | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Eric Svensson | } | DOCKET NO. 555-7-03 Cndm |

Trial Judge: Samuel Hoar, Jr.

In the above-entitled cause, the Clerk will enter:

Father appeals the court's denial of his motion to modify an existing parent-child-contact order. Father argues that the court erred in denying him access to the children's therapy records and in failing to find a change of circumstances. We affirm in part and remand in part.

The parties divorced in 2004 and are parents to two boys. The parental-rights-and-responsibilities portion of the final divorce order was amended several times and those changes were incorporated in a stipulated agreement approved by the court in September 2008. Under that agreement, mother has sole physical and legal parental rights and responsibilities. Father has parent-child contact with the children every other week "from Wednesday at 5:00 p.m. until the following Monday at 8:00 a.m. or earlier to allow full participation in their regular school or day care schedule." Elsewhere, the order states that the boys "shall remain at daycare until 5:00 p.m. during times when they are with either parent" except for listed activities. Since that time, the parties have filed various motions to enforce and for modification or clarification of the parent-child-contact provisions of the order. In response to motions filed by father, the family court issued an order in November 2009, ruling that the existing parent-child-contact schedule reference to "daycare" encompassed afterschool activities or organized activities at home, and therefore mother did not violate the order by having the boys at home with their stepfather after school and then transitioning the children to father's care at 5:00 p.m. instead of immediately after school.

In August 2014, father filed a motion to enforce the existing order and for modification. Prior to the hearing, father requested discovery, including "full access to the boys' mental health records, including all therapy sessions in which the boys were participants." He also sought depositions of mother, her husband, and the children's current and former therapists. In conjunction with this discovery request, the court ordered that mother provide the court with the children's mental-health records after January 1, 2013 for an in camera review. Defendant filed a subsequent motion to expand the scope of records requested. The court denied father's request to expand the scope of records, and after reviewing the records, the court ruled that the records contained no discoverable information, and ordered that they be returned to mother.

A hearing was held on father's motion to modify. Father requested that parent-child contact be revised to give him contact Monday to Monday. Father also requested that the court modify the order to require that neither parent disparage the other in front of the children. He testified in support of his motion. Father argued that mother was violating the existing order by having parent-child contact with the boys after school on his contact days even when there was no planned activity. Father also testified that mother had violated the 2008 order in the following ways: by traveling over fifty miles away without prior notification to father, by caring for the children when they were sick on father's contact days without giving father the opportunity to do so, by depriving father of parent-child contact prior to April vacation, and by threatening to keep the children from father on a school in-service training day during father's scheduled parent-child-contact time.

At the hearing, the court explained that it would not consider facts before May 2012 as a change in circumstances because that was the date of the most recent order. The court noted that any decision made about in-service days would not amount to a change in circumstances because there was good faith basis for the disagreement under the order. The court further explained that it understood the existing orders to allow mother to decide how the children would spend their time until 5:00 p.m.

At the close of father's case, the court determined that it was not necessary to hear from mother because father's evidence did not support a finding that there was a substantial and unanticipated change in circumstances warranting a modification of the existing order. In oral findings, the court explained that any violation of the existing order did not amount to a change of circumstances. The court noted that it was clear the parties lacked effective communication, and encouraged them to work on communicating. The court reaffirmed its decision in a written order denying father's motion to modify. The court clarified that when school is not in session during father's parent-child-contact time for a reason other than a scheduled vacation, such as an in-service day or snow day, father has the right and responsibility to care for the children or make appropriate arrangements. The court also stated that if on one of father's parent-child-contact days a child is sent home due to illness or injury, then mother should attempt to communicate with father concerning his ability to pick up the child and provide care. The court encouraged the parties to work on their communication and not to disparage the other "in any form that comes to the attention of the children." Both parties filed motions to reconsider, which the court denied.

Father's first argument on appeal concerns the mental-health records. Father claims that the court erred in denying him access to his children's mental-health records. Father relies on 15 V.S.A. § 670, which states:

> Access to records and information pertaining to a minor child, including but not limited to medical, dental, law enforcement and school records shall not be denied to a parent solely because that parent has not been awarded parental rights and responsibilities. The court may order that access to all or a portion of the records or information shall be denied if access is not in the best interest of the child or if access may cause detriment to the other parent including but not limited to abuse.

2

According to father, he is entitled to records from the boys' therapist and has been denied these records.

While father's argument portrays that he is generally being denied access to his sons' records, the ruling on appeal was limited to responding to father's request for discovery of the records. The court order limited any discovery of records to those created after January 1, 2013. Apparently, the only therapy the boys were engaged in after that date was family therapy. Therefore, the court's order that those records would be reviewed in camera was reasonable. On appeal, father does not specifically challenge the court's discovery decision limiting the in camera review to those records after January 1, 2013, or declining to admit those records after the in camera review. Therefore, we do not reach those questions.

However, between the time the court agreed to review the medical records on November 10, 2014 and the time the Order issued denying same on December 10th, father filed a Motion for Order Compelling release of Children's Therapy Records. In this motion he specifically relied on 15 V.S.A. § 670. Apparently the court was unaware of this motion when it wrote in the order on appeal: "Whether, as Defendant suggests, he is 'entitled to his boys' mental health records as a matter of right' is beyond the scope of the court's discovery ruling and is not otherwise the subject of any motion currently before the court." Because the trial court did not assess whether such a request was proper under the statute in the first instance, we remand on that point.

Next, father argues that the court erred in failing to modify the 2008 order. To modify an existing parental rights order, there must first be a threshold showing of a "real, substantial and unanticipated change of circumstances." 15 V.S.A. § 668(a). The trial court "has discretion in determining if the moving party has established a change of circumstances." Sundstrom, 2004 VT 106, ¶ 29. This change may be demonstrated by showing "willful, repeated interference with visitation rights." Wells v. Wells, 150 Vt. 1, 4 (1988).

Father argues that he provided testimony that mother had violated the existing 2008 order by taking time after school for herself, traveling beyond fifty miles without notifying father, and causing deviations from the schedule to fit her needs. Father fails to demonstrate that the court abused its discretion in concluding that even accepting father's evidence as true, there was no change of circumstances.

As to the time before 5:00 p.m., the court explained that it would not consider this a change of circumstances because prior orders clarified that mother had authority to decide how the children would spend their time until 5:00 p.m. This is a reasonable reading of the existing orders, and therefore it was not an abuse of discretion for the court not to consider mother's treatment of the afterschool time a violation of the existing order or a change of circumstances.

In addition, while father presented evidence that mother transported the children beyond fifty miles without prior notification to him and caused some deviations from the contact schedule, it was within the court's discretion to determine that these incidents were insufficient to amount to a change of circumstances. Certainly, interference with parent-child contact can be a change of circumstances. Here, however, the court found that mother's violations were minor and isolated and unlike the repeated, continuous, and intentional violations found in the past to amount to a change of circumstances. See Sundstrom, 2004 VT 106, ¶¶ 12-14 (describing mother's intentional and repeated actions of interfering with father's contact and father's

3

relationship with children). Therefore, the court did not abuse its discretion in concluding that father failed to demonstrate there was a change of circumstances.

Affirmed in part, remanded in part.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice